IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ORGANIZATION FOR BLACK STRUGGLE, ST. LOUIS A. PHILIP RANDOLPH INSTITUTE, GREATER KANSAS CITY A. PHILIP RANDOLPH INSTITUTE, NATIONAL COUNCIL OF JEWISH WOMEN ST. LOUIS SECTION, and MISSOURI FAITH VOICES,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOHN R. ASHCROFT, in his official capacity as the Missouri Secretary of State, and<br><br>GREENE COUNTY CLERK'S OFFICE; JACKSON COUNTY ELECTION BOARD; ST. CHARLES COUNTY ELECTION AUTHORITY; and ST. LOUIS COUNTY BOARD OF ELECTIONS, and all others similarly situated,<br><br>*Defendants*. | No. 2:20-cv-4184-BCW |

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs Organization for Black Struggle, the St. Louis A. Philip Randolph Institute, the Greater Kansas City A. Philip Randolph Institute, National Council of Jewish Women St. Louis Section, and Missouri Faith Voices respectfully request this Court grant them a temporary restraining order and preliminary injunction preventing Defendant Ashcroft and Defendant Class from implementing and enforcing Missouri law in a way that violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution, U.S. Const. Amend.

1

I, XIV, 42 U.S.C. § 1983, as well as the Materiality Provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B).

Plaintiffs bring this action to prevent the disenfranchisement of their members and thousands of other eligible Missouri voters in the November 3, 2020, election. Plaintiffs seek immediate relief for the thousands of Missouri voters who will attempt to vote by mail-in or absentee ballot ("remote ballot") in the November 2020 general election. Voters who cast mail-in ballots will be asked to navigate hurdles for requesting and casting a ballot that absentee voters are not required to, while still having their ballot received by election officials prior to the close of polls on Election Day. Further, all remote voters stand to have their remote ballot applications and ballots rejected for immaterial errors, and those whose remote ballots may not be provided notice and an opportunity to cure, and if they are, the time and methods provided to cure a ballot are often insufficient. Plaintiffs have diverted—and continue to divert—scarce organizational resources to help voters navigate these hurdles and seek to vindicate the voting rights of their members and other Missouri voters. Through this Court, Plaintiffs seek and a temporary restraining order and preliminary injunction by October 9 to ensure that eligible Missourians' votes are counted in the November 2020 election.

When considering whether to grant a temporary restraining order or preliminary injunction, this Court must consider four factors: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *see also H&R Block Tax Servs. LLC v. Nguyen*, 2019 U.S. Dist. LEXIS 232816, *9 (W.D. Mo. Nov. 13, 2019). While "no 'single factor is determinative,' the probability of success factor is the most significant." *Home Instead, Inc. v.*

*Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

Plaintiffs' are likely to succeed on the merits of their claims: that Missouri's differential rules for how voters can request and return mail-in ballots, as compared to absentee ballots, violates the Equal Protection Clause; that the rejection of remote ballot applications and ballots for errors that do not go to the ability to determine a voter's eligibility violates the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B); and that failing to provide remote voters adequate notice and an effective opportunity to cure their ballots violates the guarantees of procedural due process.

The remaining three factors courts consider when deciding whether to issue a temporary restraining order or preliminary injunction also favor granting Plaintiffs their requested relief. First, Plaintiffs and Missouri voters face irreparable harm if an injunction is not issued. Second, as this Court has recognized "ensuring qualified voters exercise their right to vote is always in the public interest." *League of Women Voters of Mo. v. Ashcroft*, 336 F. Supp. 3d 998, 1006 (W.D. Mo. 2018) (quoting *Action NC v. Strach*, 216 F. Supp. 3d 587, 648 (M.D.N.C. 2016)). And, third, any burden to Defendants does not outweigh the harm to Plaintiffs and Missouri Voters or to the public interest. Indeed, Plaintiffs request Defendants utilize processes already in place, adjust current practices that are already in use, and provide a constitutionally sufficient notice and cure process to ensure the many Missouri voters who cast a remote ballot in the November 2020 election are able to address any deficiencies on their ballot envelopes.

This and other federal courts routinely order preliminary relief to remedy voting rights violations in advance of an election. *See, e.g.*, *League of Women Voters of Mo.*, 336 F. Supp. 3d at 1007; *ACORN v. Scott*, 2008 WL 2787931, at *8 (W.D. Mo. July 15, 2008). Here, for the reasons

3

detailed more thoroughly in Plaintiffs' Suggestions in Support of a Temporary Restraining Order and Preliminary Injunction, Plaintiffs are likely to succeed on the merits, and the equities strongly favor preliminary relief.

## CONCLUSION

For the foregoing reasons, and those detailed specifically in Plaintiffs' Suggestions in Support of a Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs respectfully request this Court grant them a temporary restraining order and preliminary injunction and that that this Court enter judgment:

A. Declaring that Missouri's Mail-In Requirements, MO. REV. STAT. §§ 115.302(1), 115.302(12), violate the First and Fourteenth Amendments to the United States Constitution on their face and in the context of the November 3, 2020 election;

B. Preliminarily and permanently enjoining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control, from rejecting or otherwise not processing any otherwise-valid remote ballot application—for either mail-in and absentee—submitted by email, fax, U.S. mail, or in person by 5:00 p.m. on the thirteenth day prior to Election Day;

C. Preliminarily and permanently enjoining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control, from rejecting or otherwise not counting any otherwise-valid remote ballot—both mail-in and absentee—that are:

   a. returned by U.S. mail or in person by the voter, or a relative of the voter who is within the second degree of consanguinity or affinity, at or before the close of polls on Election Day; or, in the alternative,

   b. postmarked by Election Day and received by noon of the Friday after Election Day;

D. Declaring that Missouri's practice of requiring the rejection of any remote ballot application or ballot—either mail-in or absentee—for errors or omissions that do not impact the Defendants ability to determine a voter's eligibility (such as failure to correctly indicate a voter's address by checking an address confirmation box or filling out the address field or failure to correctly mark which type of ballot they are casting on the ballot application or envelope when the type of ballot they qualify for can be readily determined), constitutes a violation of the Materiality Provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B);

E. Preliminarily and permanently enjoining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control, from rejecting or otherwise not counting any otherwise-valid remote ballot application or ballot—either mail-in or absentee—for errors or omissions that do not impact the Defendants ability to determine a voter's eligibility (such as failure to correctly indicate a voters address by checking an address confirmation box or filling out the address field or failure to correctly mark which type of ballot they are casting on the ballot application or envelope when the type of ballot they qualify for can be readily determined);

F. Declaring that Missouri's failure to provide that voters must be notified and afforded an opportunity to cure any defects in the statement on their remote ballot envelope, including through electronic or telephonic verification of any information other than their signature or that of their witness, if applicable, prior to the rejection of their ballot constitutes a denial of Procedural Due Process in violation of the Fourteenth Amendment to the United States Constitution;

5

Case 2:20-cv-04184-BCW   Document 23   Filed 09/19/20   Page 5 of 8

G. Preliminarily and permanently enjoining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control, from rejecting any remote ballot—either mail-in or absentee—because of defects in the statement on their mail ballot envelope without first providing the voter with notice and an opportunity to cure any defects, including through electronic or telephonic verification of any information other than their signature or that of their witness, if applicable;

H. Ordering Defendants to update all absentee and mail-in voting instructions and materials to reflect all forms of relief ordered by the Court, and to provide public notice to voters of all forms of relief ordered by the Court through public media, including through relevant internet websites maintained by Defendants;

I. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

J. Granting such other relief as the Court may deem just and proper.

Naila Awan*
Kathryn C. Sadasivan*
DĒMOS
80 Broad Street, Fl 4
New York, NY 10014
Telephone: (212) 485-6065
nawan@demos.org
kasadasivan@demos.org

Chiraag Bains*
DĒMOS
740 6th Street NW, 2nd Floor
Washington, DC 20001
Telephone: (202) 864-2746
cbains@demos.org

Ezra Rosenberg*
Ryan Snow*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW
Suite 900
Washington, DC 20005
(202) 662-8600 (tel.)
(202) 783-0857 (fax)
erosenberg@lawyerscommittee.org
rsnow@lawyerscommittee.org

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony Rothert, #44827
Jessie Steffan, #64861
Kayla Deloach, #72424
ACLU OF MISSOURI FOUNDATION
906 Olive Street, Suite 1130
St. Louis, MO 63101
Telephone: (314) 652-3114
Facsimile: (314) 652-3112
arothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org

Denise Lieberman*, #47013
MISSOURI VOTER PROTECTION
COALITION
6047 Waterman Blvd.
St. Louis, MO 63112
Telephone: (314) 780-1833
denise@movpc.org
denise@deniselieberman.com

* Motion for Admission *Pro Hac Vice* pending

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

/s/ Anthony E. Rothert