IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ORGANIZATION FOR BLACK STRUGGLE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:20-CV-04184-BCW ) |
| JOHN R. ASHCROFT, in his official capacity as Missouri Secretary of State, et al., | ) ) ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant John R. Ashcroft, in his official capacity as Missouri's Secretary of State's Motion to Dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. #89). The Court, being duly advised of the premises, grants said motion.

## **BACKGROUND**

A little more than six weeks before Election Day on November 3, 2020, Plaintiffs the Organization for Black Struggle, the St. Louis A. Philip Randolph Institute, the Greater Kansas City A. Philip Randolph Institute, the National Council of Jewish Women St. Louis Section, and Missouri Faith Voices (collectively, Plaintiffs) filed three claims against Defendants Ashcroft, the county election authorities of Greene County, Jackson County, St. Charles County, and St. Louis County.[1] All three of Plaintiffs' claims relate to Missouri's election laws.

---

[1] Plaintiffs also filed, along with the complaint, a motion to certify a defendant class of Missouri's 116 local election authorities, or alternative motion to join each of Missouri's county election authorities to this case (Doc. #5), and a motion for temporary restraining order and preliminary injunction. (Doc. #23).

1

Count I alleged an equal protection violation stemming from Missouri Senate Bill 631. S.B. 631, passed in response to the COVID-19 pandemic, added a category of eligibility to cast an absentee ballot for individuals in "an at-risk category" for COVID-19. Mo. Rev. Stat. § 115.277.1. S.B. 631 also enacted a provision permitting all registered voters in Missouri to cast a ballot by mail. Mo. Rev. Stat. § 115.302. Importantly, these provisions were intended to be temporary, applicable only to elections that occurred between June 4, 2020 and December 31, 2020, and are therefore no longer in effect.

Count II alleged a violation of the Civil Rights Act's Materiality Provision, 52 U.S.C. § 10101(a)(2)(B). Plaintiffs challenged Missouri's requirements and rules for applying to and/or for casting a ballot absentee and/or by mail, and the bases on which local election authorities could reject remote ballot applications and/or casted ballots.

Count III alleged a procedural due process violation on the basis that Missouri's regulatory scheme does not provide those voting absentee with adequate notice and/or an opportunity to cure in the event the voter's absentee ballot application and/or completed absentee ballot is deficient and subject to rejection.

On October 9, 2020 the Court granted Plaintiffs' motion for temporary restraining order and for preliminary injunction with respect to Count I of the complaint only. The Court denied preliminary injunctive relief with respect to Counts II and III (Doc. #65). This Court administratively stayed the injunction order pending appeal. (Doc. #68).

Defendant Ashcroft appealed the injunction order to the Court of Appeals for the Eighth Circuit, and also sought a stay pending resolution of the appeal. (Doc. #78). While the Eighth Circuit was considering the appeal, Plaintiffs sought leave to amend the complaint in this Court. (Doc. #71).

2

Case 2:20-cv-04184-BCW   Document 112   Filed 03/09/21   Page 2 of 10

On October 26, 2020, the Eighth Circuit granted Defendant Ashcroft's motion to stay this Court's injunction ruling (Doc. #78), and Defendant Ashcroft subsequently indicated no objection to Plaintiffs' motion for leave to amend the complaint (Doc. #80).

On December 3, 2020, this Court granted Plaintiffs' motion for leave to file an amended complaint (Doc. #81). On December 7, 2020, the Eighth Circuit granted a motion to dismiss the appeal (Doc. #82) and issued its mandate the same day. (Doc. #83).

On December 9, 2020, Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief. (Doc. #84). Defendant Ashcroft timely filed the instant motion to dismiss the amended complaint (Doc. #89) and argues each of Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

First, Defendant Ashcroft argues each of Plaintiffs' claims as alleged in the amended complaint (Doc. #84) should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs' allegations relate only to the November 2020 election, which has already occurred. Second, Defendant Ashcroft argues each of Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack standing.[2] Third, Defendant Ashcroft alleges Counts II and III fail to state a claim on which relief can be granted such that these claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting federal jurisdiction bears the burden to

---

[2] In the context of the Order granting Plaintiffs' preliminary injunctive relief, the Court found Plaintiffs had standing to assert each of their claims. (Doc. #65). Because the allegations relevant to standing are substantially similar to those alleged in the original complaint, the Court declines to specifically reconsider Plaintiffs' standing, especially where Defendant Ashcroft's other arguments are dispositive of the claims alleged.

3

prove federal subject matter jurisdiction exists. V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted).

## ANALYSIS

**A. The motion to dismiss Count I for lack of subject matter jurisdiction is granted.**

Defendant Ashcroft argues Count I of the amended complaint should be dismissed for lack of subject matter jurisdiction because the 2020 remote ballot rules at issue in Count I expired on December 31, 2020. Plaintiffs agree Count I is moot. Therefore, the Court grants Defendant Ashcroft's motion to dismiss Plaintiffs' Count I as alleged in the amended complaint for lack of subject matter jurisdiction. Count I is dismissed without prejudice.

**B. The motion to dismiss Count II for failure to state a claim is granted.**

Defendant Ashcroft argues Count II alleging violation of the materiality provision should be dismissed for lack of subject matter jurisdiction and for failure to state a claim. First, Defendant Ashcroft argues Plaintiffs' Count II is directed only toward the November 2020 election such that Count II is moot. Second, Defendant Ashcroft argues § 10101 is enforceable only by the attorney general, and does not provide for a private right of action under § 1983.

4

In opposition, Plaintiffs argue Count II challenges Missouri's regulatory scheme for assessing the validity of absentee ballot applications and casted absentee ballots overall, and not just as applied to the November 2020 election. Additionally, Plaintiffs argue private enforcement of voting rights is a critical aspect of the federal statutory scheme. (Doc. #97).

In the amended complaint, Plaintiffs' Count II alleges violation of the materiality provision with respect remote ballot applications and ballots. "Remote" refers to those voting absentee under Mo. Rev. Stat. § 115.277 and to those voting mail-in under S.B. 631. Though Plaintiffs' allegations for violation of the materiality provision may have applied more broadly in 2020 since more Missourians were voting remotely due to S.B. 631, Plaintiffs also allege violation of the materiality provision with respect to Missouri's absentee voting regulations. Even if S.B. 631 expired on December 31, 2020 such that Count II is moot to the extent it is premised on the expired mail-in voting rules, Missouri's absentee regulations are still in effect and Count II is not moot to the extent Plaintiffs allege Missouri's generally applicable absentee voting laws violate the materiality provision. Therefore, the Court denies the motion to dismiss this claim under Fed. R. Civ. P. 12(b)(1).

The Court thus considers whether, with all reasonable factual inferences drawn in Plaintiffs' favor, the allegations of the amended complaint are sufficient under Fed. R. Civ. P. 12(b)(6).

> No person acting under color of law shall . . . deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election . . . .

52 U.S.C. § 10101(a)(2)(B).

A registered voter may vote absentee in Missouri (1) if he or she is absent from the jurisdiction on election day; (2) due to incapacity; (3) due to religious practice; (4) due to election authority employment; (5) due to incarceration; or (6) if he or she participates in the address confidentiality program. Mo. Rev. Stat. § 115.277.1. To vote absentee in Missouri, a voter must apply for an absentee ballot in person or in writing by mail, fax, or email. Mo. Rev. Stat. § 115.279.1. The application is made to the local election authority and must be in writing. Mo. Rev. Stat. § 115.279.2. The application must include the voter's name, address for which he or she would like to be registered, the mailing address to which the voter would like the election authority to mail the absentee ballot, and the reason for the absentee ballot request. Mo. Rev. Stat. § 115.279.2. The absentee ballot application must also be signed by the applicant. Mo. Rev. Stat. § 115.279.4. In the event that the election authority is not satisfied that an absentee ballot applicant is entitled to vote by absentee ballot, the election authority must notify the applicant of the insufficiency within three working days of receiving the application "and state the reason he or she is not entitled to vote by absentee ballot." Mo. Rev. Stat. § 115.287.1.

"Upon receiving an absentee ballot by mail, the voter shall mark the ballot in secret, place the ballot in the ballot envelope, seal the envelope and fill out the statement on the ballot envelope." Mo. Rev. Stat. § 115.291.1.

To cast an absentee ballot in Missouri, the voter must complete the required ballot envelope, stating the voter's name, voting address, mailing address, and reason for voting absentee. Mo. Rev. Stat. § 115.283.1. The voter must also attest under penalty of perjury he or she is qualified to vote, has only cast one ballot, the ballot was completed in secret, the ballot was placed in the envelope and sealed by the voter, and that everything contained within the statement is true. Mo. Rev. Stat. § 115.283.1. "The affidavit of each person voting an absentee ballot shall be subscribed

and sworn to before the election official receiving the ballot, a notary public or other officer authorized by law to administer oaths [except as explicitly exempt from this requirement . . . .]" Mo. Rev. Stat. § 115.291.1. "If the statements on any ballot envelope have not been completed, the absentee ballot in the envelope shall be rejected." Mo. Rev. Stat. § 115.295.2.

"All proper votes on each absentee ballot" timely received by the election authority are counted. Mo. Rev. Stat. § 115.293.1. "Other provisions of law to the contrary notwithstanding, no absentee ballot shall be rejected for failure of the voter to state on the ballot envelope his reason for voting an absentee ballot." Mo. Rev. Stat. § 115.294.

In sum, a Missouri election authority may reject an absentee ballot application that does not state the voter's name, voting address, mailing address, and the reason for voting absentee. Mo. Rev. Stat. § 115.279.2. Similarly, a Missouri election authority may reject an absentee ballot contained in an absentee envelope that does not include the voter's name, voting address, mailing address, and the required witnessed attestation. Mo. Rev. Stat. § 115.283.1. Though an election authority may reject an absentee ballot *application* for not stating the reason for the absentee ballot request, an election authority may not reject an absentee ballot vote for not stating the reason why the voter is voting absentee. Mo. Rev. Stat. § 115.294.

Plaintiffs allege Missouri's absentee ballot application and voting requirements result in disenfranchisement based on errors which are not material to voter eligibility such that they violate the materiality provision. Specifically, Plaintiffs allege Missouri election authorities reject completed absentee ballots "because the voter fails to affirm that her mailing address and residential address are the same, by either checking a box or filling out an address field – despite having already affirmed this when she registered to vote and again when she applied for a ballot, even though the voter's address is typically already printed on the ballot envelope itself." (Doc.

#84 at 30). Plaintiffs' other factual allegations under Count II relate to confusion between applying for and casting an absentee vote under the usual regulatory scheme described above and the 2020 mail-in voting scheme that is no longer in effect or properly at issue.

Defendant Ashcroft argues Plaintiffs' allegations for violation of the materiality provision should be dismissed because there is no private right of action under § 10101. The Court previously found a voter's name, voting address, mailing address, and signature are not immaterial to voter qualification, and election authorities do not offend the materiality provision by rejecting applications and ballots that do not indicate the qualifying information required by Missouri statutes. (Doc. #65 at 15). This conclusion is dispositive of Plaintiffs' Count II for violation of the materiality provision.

Moreover, Plaintiffs' Count II allegations are largely reliant on the 2020 election rules that are no longer in effect. The materiality provision violation alleged in Count II is propped up by distinctions between Missouri's treatment of absentee applications and ballots versus mail-in applications and ballots. The 2020 vote-by-mail rules are no longer in place. With the expiration of mail-in voting under S.B. 631 on December 31, 2020, the amended complaint does not contain sufficient factual allegations from which the reasonable conclusion can be drawn that Defendant Ashcroft is liable for the misconduct alleged. Consequently, the Court grants Defendant Ashcroft's motion to dismiss Count II under Fed. R. Civ. P. 12(b)(6).

**C. The motion to dismiss Count III for failure to state a claim is granted.**

Defendant Ashcroft argues Plaintiffs' Count III for violation of procedural due process based on Missouri's legislative scheme for providing notice and the opportunity to cure for voters casting their ballots by mail should be dismissed. Plaintiffs allege Missouri law does not include any provisions to give voters notice of any ballot errors, nor the opportunity to cure any deficiency,

8

which results in local election authorities making their own determinations of what is deficient and how or whether to notify voters of any ballot errors.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "Due process is flexible and calls for such procedural protections as the particular situation demands," and requires consideration of the governmental and private interests at issue. Id. at 334 (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

A procedural due process claim requires a two-step analysis: (1) "whether there exists a liberty or property interest of which a person has been deprived" and, if yes, (2) "whether the procedures followed by the State were constitutionally sufficient." Jenner v. Nikolas, 828 F.3d 713, 716 (8th Cir. 2016) (citing Swarthout v. Cooke, 562 U.S. 216, 219 (2011)).

Plaintiffs allege Missouri has conferred on eligible voters a protected liberty interest in casting a vote by mail through Mo. Rev. Stat. §§ 115.277, such that before rejecting an absentee ballot, Missouri must provide to the voter notice and the opportunity to cure any ballot deficiency. Under the current scheme, Plaintiffs allege, the election authority may reject an absentee ballot returned in a ballot envelope that has some deficiency and throw out that vote without notifying the voter and/or otherwise allowing him or her to correct any errors which would then allow the absentee vote to count. Moreover, election authorities may evaluate deficiencies differently and Missouri should have a mechanism in place to ensure uniform review procedures.

Plaintiffs state a claim for a procedural due process violation only if they first establish the existence of a liberty or property interest and the deprivation of the same. Schmidt v. Des Moines Pub. Schs., 655 F.3d 811, 817-18 (8th Cir. 2011) (citing Gordon v. Hansen, 168 F.3d 1109, 1114

(8th Cir. 1999)). Recognized liberty interests may arise from the Due Process Clause, or they may also arise "from an expectation or interest created by state law or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

As the Court previously found, while the right to vote is certainly a substantive due process right, the right to vote by mail is not a liberty interest to which procedural due process protections apply. Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 607-08 (8th Cir. October 23, 2020) (citing Common Cause Ind. v. Lawson, No. 20-2911, 2020 WL 6042121, at *1 (7th Cir. Oct. 13, 2020) ("as long as the state allows voting in person, there is no constitutional right to vote by mail")); Straughan v. Meyers, 187 S.W. 1159, 1164 (Mo. 1916) (voting by mail as a special privilege); Barks v. Turnbeau, 573 S.W.2d 677, 681 (Mo. Ct. App. 1978) (voting absentee is a privilege not a right); State ex rel. Hand v. Bilyeu, 351 S.W.2d 457 (Mo. 1961). The Court thus grants Defendant Ashcroft's motion to dismiss Count III under Fed. R. Civ. P. 12(b)(6). Accordingly, it is hereby

ORDERED Defendant Ashcroft's Motion to Dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. #89) is GRANTED.

IT IS SO ORDERED.

DATED: March 9, 2021

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT